### Walker v. Chambers & Company.

No action can be maintained by the plaintiffs in execution for damages by reason of the deterioration in value of property released from levy to the defendants upon their giving to the levying office.' a delivery bond conditioned to return the same to him when called for, in filing their affidavit of illegality; although they retained the property for two years, and when finally sold under the execution, it was dilapidated and worn by use and worth not more than one-third its former value.

April 14, 1890.

Bonds. Illegality. Actions. Before Judge Marshall J. Clarke. Fulton superior court. September term, 1889.

On April 1, 1886, a mortgage given by Chambers & Co. to Walker having been foreclosed, and the execution issuing thereon having been levied upon certain property, Chambers & Co. interposed their affidavit of illegality and gave to the levying officer their bond in the sum of $5,903.51, conditioned to "return all of said property, levied upon as aforesaid, when called for by the said levying officer." On April 10, 1888, Walker brought his suit on the bond against the principals and the sureties therein. He showed that the issue formed by the affidavit of illegality was tried and resulted in a verdict and judgment for him in the sum of $2,849 principal, and $434.30 interest to Dec. 1, 1887, and that the execution proceed for those sums and cost, to be levied on the mortgaged property. The sheriff proceeded to make those amounts by the sale of the property, but on account of the deterioration in its value, caused by the constant use of it by Chambers & Co. from April 1, 1886, to the sale day in March, 1888, it was sold for only $2,601.25. Of this amount other parties claimed $767.25 to be applied to a mortgage which they had, of older date than that of Walker; and $858.94 were applied to a claim of homestead of Mrs.

Chambers, wife of one of the firm of Chambers & Co.; and after paying costs, only $858.94 were left to be applied to Walker's debt, and this amount was entered as a credit on his execution. At the time of filing the illegality and the bond, the property was worth more than enough to pay the full amount of all these claims, and but for such illegality and bond the property would have produced a sufficiency for that purpose. It consisted of buggies, carriages, harness and a hearse, which Chambers & Co., who were livery-stable keepers, continued to use, and thereby damaged its value $5,000; and when delivered to the sheriff, it was nothing but a skeleton of what it was when the illegality and bond were filed. The condition of the bond was broken in not returning the property when called for in its former condition, but dilapidated and worn by use and worth not more than one third of its former value.

On general demurrer the action was dismissed, and the plaintiff excepted.

T. P. WESTMORELAND, for plaintiffs.

J. C. JENKINS and MAYSON & HILL, for defendants.

BLANDFORD, Justice.

This was an action brought by the plaintiff against the defendants upon a delivery bond given by the defendants to the plaintiff, conditioned to deliver to the levying officer, when called for, certain property which had been levied on by him as the property of Chambers & Co. in a certain illegality case, where an affidavit of illegality had been made by Chambers & Co. to an execution issued upon the foreclosure of a chattel mortgage at the instance of the plaintiff, Walker. The action alleges that the plaintiff suffered damages by reason of the deterioration of the property after the affidavit of illegality was made; not that the property had not been delivered to the levying officer when called for, after the illegality had been determined

against Chambers & Co.; but he contended that he was entitled to recover the same under a certain section of the code (§3326), which section applies to forthcoming bonds given in claim cases, and is taken from the acts of 1855 (p. 34) and 1873 (p. 42). Even in claim cases, until the act of 1855, as embraced in the code, no action could be maintained upon a forthcoming bond, in such cases, for any hire or deterioration of the property. This was extended by the act of 1873 to all other claims in the cases therein provided for; but we are clear that this action cannot be maintained under this section of the code, or under any other section. It is clearly shown from the allegations in plaintiff's declaration that there has been no breach of the bond; but, on the contrary, that the defendants kept their bond up to the date and time of the commencement of this action. So we think the court committed no error in sustaining the demurrer to the plaintiff's declaration.

*Judgment affirmed.*